IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1124-LTB

**JERRY D. CARTER**,

      Plaintiff,

v.

**EL PASO COUNTY SHERIFF DEPT.;**
**PALM, Sgt.,**

      Defendants.

---

## ORDER TO DISMISS

---

Plaintiff, Jerry D. Carter, currently is in custody in the Colorado Mental Health Institute at Pueblo (CMHIP). He was transferred there from the El Paso County Sheriff's Department sometime earlier this year. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915 (ECF No. 4).

### A. Mandatory Screening and Standards of Review

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal

quotation and citation mitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity. In addition, he is complaining about the conditions of his confinement. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative

level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"   *Bell Atlantic Corp.*, 550 U.S. at 555.   When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.   *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).   Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).   *See also  Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, a court should not act as a *pro se* litigant's advocate.   *See id.  Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.   *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

## B.  Plaintiff's Allegations

Plaintiff claims that while he was incarcerated at the El Paso County Sheriff's Department Defendant Palm cancelled two of Plaintiffs kites because Plaintiff used profane speech.   He claims that in doing so, Defendant Palm denied him his Free Speech rights.

3

For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.  An appropriate order follows.

### C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).  In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed.  *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted).  The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right.  *Id.*

Plaintiff's claim concerns the conditions of his confinement.  Claims concerning prison conditions filed by pretrial detainees are evaluated under the Due Process Clauses of the Fifth and Fourteenth Amendments, which prohibit defendants from undertaking acts that amount to punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In order to determine whether the challenged conditions of pre-trial confinement amount to punishment:

> [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose....  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to

4

a legitimate goal—if it is arbitrary or purposeless—a court may permissibly infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees.

*Id*. at 538–39 (citations and internal quotations omitted).

Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, here, Plaintiff claims that he has been denied his First Amendment right to free speech. Incarceration does not divest prisoners of all constitutional protections. Moreover, as a general rule, for a person standing in a city park, simple profanity or vulgarity-not rising to the level of "fighting words" or obscenity-is constitutionally protected speech. *See, e.g., Lewis v. City of New Orleans*, 415 U.S. 130 (1974); *Gooding v. Wilson*, 405 U.S. 518 (1972); *Cohen v. California*, 403 U.S. 15. Notwithstanding, "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (citing *Pell v. Procunier*, 417 U.S. 817 (1974)). *See also Thaddeus–X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) ("standing in his cell in a prison, an inmate is quite limited in what he can say; his government jailor can impose speech-limiting regulations that are reasonably related to legitimate penological interests") (internal citation and quotation omitted)

As continually emphasized by the Supreme Court, the problems of prison administration are particularly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Shaw*, 532 U.S. at 223; *Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84–96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125–126 (1977). Therefore, the Court has held that, "when a prison regulation impinges on

inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987).  Under this standard, four factors are to be balanced in determining whether a prison regulation is reasonably related to legitimate penological interests:  1) whether there is a valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it; 2) whether there are alternative means of exercising the right that remain open to prison inmates; 3) whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives.  *Id.*, at 89-90.  Applying this standard, the Supreme Court has upheld a variety of limitations on First Amendment protections.  *See Shaw*, 532 U.S. at 229 (holding that prisoners do not have a First Amendment right to provide legal assistance to other prisoners); *Thornburgh v. Abbott*, 490 U.S. 401, 419 (1989) (restricting certain publications); *Turner*, 482 U.S. at 93 (restricting inmate-to-inmate correspondence).

Applying the *Turner* factors to the case at hand, the Court finds the following.  As to the first factor, there is a valid, rational connection between restricting the use of profanity and the overwhelming governmental interest in maintaining security at the jail.  As to the second factor, the regulation merely restricts the use of profanity; there are alternative means for Plaintiff to exercise his right to free speech.  Under the third factor, accommodation of Plaintiff's asserted constitutional right would impermissibly impact guards and other inmates.  Lastly, there appears to be an absence of easy alternatives.  Weighing these factors, courts have concluded that regulations prohibiting the use of profanity by inmates do not violate free speech rights.  *See, e.g., Massey v. Gerling,* Civil No. 13–1151, 2013 WL 6237878 (W.D. Mich. Dec. 3, 2013); *McCuistion v. Malmay*, Civil No. 10-107, 2010 WL 2079888, 2 (E.D. Ark. May 4, 2010); *Marks v. Giles*, Civil No. 07-5572, 2008 WL

4425866  (W.D. Wash. Sep. 24 2008).   Further, the Court of Appeals for the Ninth Circuit has concluded that failure to process a grievance containing profanity does not violate an inmate's right to petition the government under the First Amendment.  *See Clark v. Woodford*, 36 F. App'x 240 (9th Cir. 2002).

The discussion above reveals that Plaintiff's Complaint fails to state a claim over any of the named Defendants.  Moreover, it would be futile to allow him to amend his complaint.  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C. § 1997e(c).  It is

**FURTHER ORDERED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is cautioned that he may not bring any further civil actions without paying the full filing fee after he has accumulated three strikes under 28 U.S.C. § 1915(g).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this   3rd   day of June, 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court